SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
CHARLES S. DONOVAN, Cal. Bar No. 103667
cdonovan@sheppardmullin.com
FINLEY TAYLOR, Cal. Bar No. 48774
ftaylor@sheppardmullin.com
BRIAN R. BLACKMAN, Cal. Bar No. 196996
bblackman@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for SHEPPARD MULLIN RICHTER & HAMPTON, LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP,<br><br>Petitioner,<br><br>v.<br><br>COMERCIALIZADORA DE CALIDAD, S.A.,<br><br>Respondent. | Case No. CV 09 4309<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT** |

**PUBLIC – REDACTED VERSION**

# INTRODUCTION

This is an action to confirm a final international arbitration award under 9 U.S.C. § 301, et seq. Petitioner, Sheppard Mullin Richter & Hampton, LLP ("Sheppard Mullin" or "Petitioner"), has identified two customers and a payment agent of Respondent, Comercializadora de Calidad (known in English as "Quality Print" and referred to as such or "Respondent"), located within California and believes these customers and agent hold accounts receivable and other debts belonging to Respondent. Petitioner brings this action to enforce its award by attachment of and eventually levy upon those accounts and any other corporate property of Respondent located in this State.

## I. FACTS

Sheppard Mullin is a California limited liability partnership.. (Declaration of Charles Donovan ("Donovan Dec.") ¶ 1.) Quality Print is a Guatemala company.

### A. The Cargo Insurer Claim

In September 2006, Quality Print engaged Sheppard Mullin to assist with a claim against its cargo insurer in connection with a dispute over damage to a printing press caused during shipment from the United States to Guatemala. (Donovan Dec. ¶ 2.) Sheppard Mullin entered into a written engagement agreement (the "Agreement") with Quality Print dated September 28, 2006 to assist Quality Print with the cargo insurer claim. (Ex. A to Donovan Dec.) The Agreement provided for arbitration of fee disputes between the parties in accordance with the International Arbitration Rules of the International Centre for Dispute Resolution. (Ex. A ¶ 7 to Donovan Dec.)

Sheppard Mullin negotiated a settlement with the cargo insurer that included a waiver of subrogation, giving Quality Print the right to pursue directly Maersk Sealand for damage to the cargo. (Donovan Dec. ¶ 3.) Quality Print fully paid Sheppard Mullin's fees in connection with the insurance dispute. (Id.)

### B. The Maersk Sealand Litigation

In October 2005, Quality Print filed suit against Maersk Sealand in Panama. (Donovan Dec. ¶ 4.) Sheppard Mullin was not involved in the dispute with Maersk Sealand at this point.

(Id.) After filing suit, Quality Print threatened to seize a Maersk Sealand ship as it transited the Panama Canal. (Id.) To avoid seizure, Maersk Sealand posted a $10 million cash bond with the Panamanian court. (Id.) On April 10, 2006, Maersk Sealand filed suit in federal court in New York against Quality Print and others involved in the lost shipment. (Id.)

Maersk Sealand claimed, among other things, that Quality Print had no right to pursue the Panamanian action because of a forum selection clause in the Maersk Sealand bill of lading. (Donovan Dec. ¶ 4.) Maersk Sealand obtained a writ of attachment against Quality Print under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. (Id.) Under the Second Circuit's decision in <u>Winter Storm Shipping v. TPI</u>, 310 F.3d 263 (2d Cir. 2002), cert. denied, 539 U.S. 927 (2003), a Rule B writ reaches electronic funds transfers (EFT's) in the hands of intermediary banks. With the writ, Maersk Sealand was able to intercept several hundred thousand dollars of Quality Print's money that was moving by EFT through New York-based intermediary banks. (Id.)

While Sheppard Mullin was representing Quality Print with its dispute with its cargo insurer, Quality Print requested Sheppard Mullin's assistance with the Maersk Sealand case pending in New York. (Donovan Dec. ¶ 6.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Id.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. C to Donovan Dec.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Donovan Dec. ¶ 6.) The advance was paid on or about June 18, 2007. (Id.) Sheppard Mullin appeared in the New York-based Maersk Sealand action on July 6, 2007. (Id.)

Throughout Sheppard Mullin's handling of the Maersk Sealand action, Sheppard Mullin sent monthly bills to Quality Print. (Donovan Dec. ¶ 8.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Id.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Id.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1  ███████████████████████████████████████████████████████
2  ███████ (Id.) Despite these assurances, payment never materialized.
3  ███████████████████████████████████████████████████████
4  ███████████████████████████████████████████████████████
5  ███████████ (Ex. E to Donovan Dec ██████████████████████
6  ███████████████████████████████████████████████████████
7  ███████ (Id.) Mr. Fernandez did not respond. (Donovan Dec. ¶ 9.) The Court granted
Sheppard Mullin's motion to withdraw by order entered on June 13, 2008. (Id.)

C.  **Sheppard Mullin Obtains Arbitration Award.**

On November 7, 2008, Sheppard Mullin filed a Notice of Arbitration with the International Center for Dispute Resolution ("ICDR") for recovery of the outstanding fees and disbursements. (Donovan Dec. ¶ 10.) Prior to filing the arbitration proceeding, Sheppard Mullin notified Quality Print of its alternative right under Sections 6200-6206 of the California Business and Professions Code to have the fee dispute arbitrated under a program administered by the Los Angeles County Bar Association. (Id.) Quality Print did not respond. (Id.) Sheppard Mullin duly served Quality Print with notice of the arbitration proceeding before the ICDR. (Id.)

Quality Print did not respond to Sheppard Mullin's arbitration demand. (Donovan Dec. ¶ 11.) The ICDR advised Quality Print on several occasions that its failure to appear would not stop the arbitration from proceeding nor prevent an award. (Id.) An Arbitration hearing convened on May 20, 2009. (Id.) Sheppard Mullin appeared; Quality Print did not. (Id.) The Arbitrator took evidence by way of written submissions and deemed the record closed on May 21, 2009. (Id.)

The Arbitrator issued an arbitration award dated June 9, 2009, in favor of Sheppard Mullin (the "Award"). (Ex. F to Donovan Dec.) The Award finds Quality Print liable to Sheppard Mullin in the amount of US$196,877.95. (Id.) Quality Print's payment to Sheppard Mullin under the Award was due thirty (30) days from the date it received the Award. (Id.) No part of the Award has been paid. (Donovan Dec. ¶ 12.)

The Award was issued in Los Angeles, California. (Donovan Dec. ¶ 12.) Under United Stated law, the Award is final and binding upon Sheppard Mullin and Quality Print, and has not been set aside, modified or appealed. (Id.)

## II. LEGAL ANALYSIS

**A. The Court Should Confirm The Award Under The Inter-American Convention.**

The United States and Guatemala are members of the Organization of American States and signatories to the Inter-American Convention on International Commercial Arbitration, January 30, 1975, O.A.S.T.S. No. 42, 14 I.L.M. 336 (1975), implementing statutes codified at 9 U.S.C. §§ 301-307. The Inter-American Convention governs enforcement and confirmation of the Award. 9 U.S.C. §§ 301 & 305; See Productos Merchantiles E Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 44 (2d Cir. 1994) (Inter-American Convention gives court jurisdiction to confirm awards rendered in United States); see also Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela, 802 F. Supp. 1069, 1073-74 (S.D.N.Y. 1992) (Inter-American Convention governs between citizens of signatory States when those states are also member States of the Organization of American States).

The Inter-American Convention incorporates the enforcement and recognition provisions of the Convention on Recognition and Enforcement of Foreign Arbitral Award, implementing statutes codified at 9 U.S.C. §§ 201-309 (the "New York Convention"). 9 U.S.C. § 302. The New York Convention strictly limits the District Court's authority in reviewing an arbitral award: "the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition and enforcement of the award specific in the said Convention." 9 U.S.C. § 207; Banco de Seguros del Estado v. Mutual Marine Offices, Inc., 257 F. Supp. 2d 681, 685 (S.D.N.Y. 2003).

The New York Convention, and by incorporation the Inter-American Convention, provides seven grounds under which an arbitral award may not be confirmed:

1. a party to the arbitration agreement lacked capacity or the agreement is otherwise invalid;

2. a party against whom the award is invoked had insufficient notice of the arbitration proceeding;

3. the dispute is beyond the scope of the arbitration agreement;

4.  the composition of the arbitral authority or the arbitration proceeding were not in accordance with the arbitration agreement or with the law of the country where the arbitration took place;

5.  the award is not yet final or binding on the parties;

6.  the dispute is not capable of settlement by arbitration under the laws of the country where confirmation of the award is sought; and

7.  confirmation of the award would violate the public policy of the country where confirmation of the award is sought.

See 9 U.S.C. §§ 207 and 301; Banco de Seguros del Estado, 257 F. Supp. 2d at 686, fn.4. These are the only grounds available for setting aside an award. Id. Moreover, the New York Convention clearly manifests a "general pro-enforcement bias." Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier (RAKTA), 508 F.2d 969, 973 (2d Cir. 1974).

Quality Print has not raised any of these grounds for challenging confirmation of the Award under the Inter-American Convention. See 9 U.S.C. § 301, note; Banco de Seguros del Estado, 257 F. Supp. 2d at 686, fn.4. Accordingly, the Court should grant Sheppard Mullin's Petition and confirm the Award.

**B.  The Court Should Issue A Writ of Attachment.**

Under Rule 64 of the Federal Rules of Civil Procedure, this Court may use the prejudgment attachment procedures available under California law. "[P]ursuant to Rule 64 of the Federal Rules of Civil Procedure the district courts employ the procedures and remedies of the states where they sit." Carolina Power & Light Co. v. Uranex, 451 F. Supp. 1044, 1052 (N.D. Cal. 1977) (upholding writ of attachment on claims covered by arbitration agreement). The fact that the instant case involves an arbitral award does not affect Sheppard Mullin's right to attachment. "[A]ttachment and comparable provisional remedies for enforcement of a foreign arbitral award, if available in the enforcing state, are compatible with the Convention." Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co., 284 F.3d 1114, 1127 (9th Cir. 2002), quoting, Restatement (Third) of Foreign Relations Law § 487 reporter's note 7 (1987).

Sheppard Mullin has located several customers and a payment agent for Quality Print, who are subject to the Court's jurisdiction. These third parties possess accounts receivables or

1  other debts payable to Quality Print. The presence of that property gives the Court the power to
2  act to enforce Sheppard Mullin's arbitral award. The holder of an arbitral award "can enforce the
3  award against [respondent's] property in the forum even if that property has no relationship to the
4  underlying controversy between the parties." Glencore, 284 F.3d at 1127; citing, Shaffer v.
5  Heitner, 433 U.S. 186, 53 L.Ed. 2d 683, 97 S. Ct. 2569 (1977).

6      The California Code of Civil Procedure authorizes the issuance of an attachment against
7  resident and nonresident defendants on claims for money over $500.00 that are based on written or
8  oral contracts. Cal. Code Civ. Proc. §§ 483.010 and 492.010. Sheppard Mullin submits the state
9  Judicial Council forms in support of the requested state law attachment.

10     California Code of Civil Procedure § 484.020 provides for an attachment under the present
11 circumstances. The Declaration of Charles Donovan establishes this action arises from a contract
12 and is a claim for money that exceeds $500.00.

13     Code of Civil Procedure § 484.020, subds. (c) and (d), require a statement that the
14 attachment is not sought for improper purposes, and that the applicant has no information or belief
15 that the claim was discharged in a proceeding or that prosecution of the claim is stayed in a
16 proceeding under Title 11 of the United States Code (Bankruptcy). These statements are
17 contained in the Application for Right to Attach Order under paragraph 4 and 5.

18     Sheppard Mullin states the amount to be secured by attachment in both the moving papers
19 and the Petition. Sheppard Mullin's application states the attachment is not sought for improper
20 purposes and that Sheppard Mullin has no information or belief that the claim was discharged in a
21 proceeding or that prosecution of the claim is stayed in Bankruptcy.

22     In the case of a corporate nonresident defendant, the Code of Civil Procedure (§§ 487.010
23 and 492.040) explicitly authorizes attachment of all corporate property for which a method of levy
24 is provided. Here, Sheppard Mullin seeks to attach accounts receivable and other debts owed to
25 Quality Print by debtors subject to the Court's personal jurisdiction. (Donovan Dec. ¶ 5; Ex B.)
26 These accounts receivable and debts are corporate property subject to attachment pursuant to
27 California Code of Civil Procedure § 487.010(a). California Code of Civil Procedure § 488.470
28 sets forth the method for levying upon these types of property.

C. **State And Federal Law Authorize <u>Ex Parte</u> Issuance Of A Writ Of Attachment.**

Civil Local Rule 7-10 allows a party to proceed <u>ex parte</u> "only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an <u>ex parte</u> motion in the circumstances…" Rule 64 of the Federal Rules of Civil Procedure authorizes use of state law attachment procedures. California Code of Civil Procedure §§ 492.010, <u>et seq.</u>, contain a special <u>ex parte</u> procedure for obtaining writs of attachment against nonresidents. See <u>Textainer Equipment Management B.V. v. The Freights of the M/S GULF TRADER</u>, 1993 A.M.C. 99, 100 (N.D. Cal. 1992). Section 492.010(b) permits an attachment to issue on an <u>ex parte</u> basis in an action for the recovery of money brought against a foreign corporation not qualified to do business in California.

Quality Print is not qualified to do business in California. (Donovan Dec. ¶ 2.) The Court may therefore issue an attachment on an <u>ex parte</u> basis pursuant to Cal. Code Civ. Proc. § 492.010(b).

Sheppard Mullin is also authorized to make this application by <u>ex parte</u> hearing pursuant to Cal. Code Civ. Proc. § 485.010 as it will suffer great and irreparable injury. Pursuant to Cal. Code of Civ. Proc. § 485.010, subd. (b)(1), it can be inferred from the facts that Quality Print's property is mobile, i.e., it can be easily moved, concealed or spent, and that it may attempt to remove this property from this District in order to preserve its assets. Indeed, Quality Print began paying its debts in the United States through a related company, Pacific Printing, to avoid the attachment order Maersk Sealand obtained from the United States District Court, Southern District of New York. (Ex. D to Donovan Dec.; Donovan Dec. ¶ 7.) There is nothing to stop Quality Print from doing the same thing under the present circumstances through another undisclosed company or agent.

Sheppard Mullin faces a grave danger that, by the time judgment on its arbitral award is entered in the instant action, Quality Print's property will no longer be in the district. By then, enforcement of a judgment or arbitral award may be difficult, if not impossible. To obtain an <u>ex parte</u> writ of attachment, the moving party must show:

> [T]hat great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice.

> The requirement of subdivision (a) is satisfied if any of the following are shown: (1) Under the circumstances of the case it may be inferred that there is a danger that the property sought to be attached would be concealed, substantially impaired in value, or otherwise made unavailable to levy if issuance of the order were delayed until the matter could be heard on notice.

Cal. Code Civ. Proc. § 485.010(a),(b). Here, the property sought to be attached is accounts receivable and other debts which may be readily transferred, forgiven or released.

### D. Attachment Amount

The arbitrator awarded Sheppard Mullin $196,877.95, in principal and costs, and required Quality Print to pay within thirty (30) days, i.e., by July 9, 2009. (Ex. F to Donovan Dec.) Quality Print has not paid. The award provides for "simple interest from the date of this Award until paid in full at the rate of 10% per annum (the rate specifies in Section 2 of the Fee Agreement as applicable to overdue accounts)." (Id.) As this matter could, if Quality Print challenges confirmation, consume several months, Sheppard Mullin requests an attachment amount of $207,933.60 to cover amounts presently due plus further interest and costs that may accrue on the award. Sheppard Mullin computes this amount as follows:

| | |
|---|---|
| $193,727.95 | Principal amount of award |
| $ 3,150.00 | Costs awarded |
| $196,877.95 | Principal amount due |
| $ 5,285.14 | Interest @ $53.93 per day through September 15, 2009 |
| $ 5,770.51 | Interest @ $53.93 per day through December 31, 2009 |
| $207,933.60 | Attachment Amount |

### III. CONCLUSION

The Court should issue an attachment to secure the award in Sheppard Mullin's favor and, after due proceedings, confirm the award.

Dated: September 15, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
CHARLES DONOVAN
BRIAN R. BLACKMAN
Attorneys for SHEPPARD MULLIN RICHTER & HAMPTON, LLP